IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**            **PLAINTIFF**

v.        **CASE NO. 4:11CR00145 BSM**

**JOSEPH LEE ANDERSON**            **DEFENDANT**

## ORDER

Joseph Lee Anderson's motion for a bill of particulars [Doc. No. 11] is denied as moot and Anderson's motion to dismiss [Doc. No. 12] is denied without prejudice.

The government's response [Doc. No. 15] to Anderson's motion for a bill of particulars provides sufficient information for Anderson to prepare for trial and avoid prejudicial surprise. *See United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (discussing the purpose of a bill of particulars). Therefore, his motion for a bill of particulars [Doc. No. 11] is denied as moot.

"Venue is ordinarily a question of fact for the jury[.]" *United States v. Jaber*, 509 F. 3d 463 (8th Cir. 2007). Anderson's motion to dismiss on the basis of improper venue [Doc. No. 12] is premature because there has been no proof as to this issue. A proper allegation of venue, as the government has provided in the indictment [Doc. No. 1] and in its response [Doc. No. 14] to Anderson's motion to dismiss, is sufficient to justify a trial in this district. If, however, the government has failed to meet its burden of establishing venue at trial, Anderson may move for acquittal at the conclusion of the government's case. *See* Federal Rule of Criminal Procedure 29(a). Anderson's motion to dismiss [Doc No. 12] is therefore

denied without prejudice.

For all of these reasons, Anderson's motion for bill of particulars [Doc. No. 11] and motion to dismiss [Doc. No. 12] are denied.

IT IS SO ORDERED this 5th day of December 2011.

_____
UNITED STATES DISTRICT JUDGE